# Exhibit A

Served 11/20/18

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mark Punzalan (SBN: 247599); Stephen Stanwood (SBN: 316661)<br>CHAN PUNZALAN LLP<br>2000 Alameda de las Pulgas, Suite 154<br>San Mateo, CA 94403<br>TELEPHONE NO.: 650.362.4150  FAX NO.: 650.362.4151<br>ATTORNEY FOR (Name): Plaintiff Lensa, Inc. | **ENDORSED FILED**<br>**SAN MATEO COUNTY**<br>NOV 13 2018<br>Clerk of the Superior Court<br>By MIRNA P. RIVERA-MARTINEZ<br>DEPUTY CLERK |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch

**CASE NAME:**
LENSA, INC. v. EMBERTRIBE, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 18CIV06096<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): Four
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 13, 2018
Stephen Stanwood
(TYPE OR PRINT NAME)  ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Mark Punzalan (State Bar No. 247599)
Email: mark@chanpunzalan.com
Stephen Stanwood (State Bar No. 316661)
Email: stephen@chanpunzalan.com
CHAN PUNZALAN LLP
2000 Alameda de las Pulgas, Suite 154
San Mateo, CA 94403
Telephone: 650.362.4150

*Counsel for Plaintiff Lensa, Inc.*

**ENDORSED FILED
SAN MATEO COUNTY

NOV 1 3 2018

Clerk of the Superior Court
By MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN MATEO

**18CIV06096**

| | |
|---|---|
| LENSA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EMBERTRIBE, LLC, a North Carolina limited liability company,<br><br>Defendant. | **COMPLAINT OF PLAINTIFF LENSA, INC. FOR:**<br><br>1. **Declaratory Relief;**<br>2. **Breach of Contract;**<br>3. **Breach of the Implied Covenant of Good Faith and Fair Dealing; and**<br>4. **Violation of California Business and Professions Code § 17200.**<br><br>Demand exceeds $25,000<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Lensa, Inc. ("Lensa"), by and through its attorneys, and for its complaint against Defendant EmberTribe, LLC ("EmberTribe"), hereby alleges the following:

**I.   INTRODUCTION**

1.   Lensa is a job board that instantly provides that instantly provides companies with prequalified candidates for open positions. Lensa uses sophisticated machine learning technology to map the actual hiring decisions and behaviors of recruiters to prequalify and recommend candidates, which helps companies reduce the time and cost of hiring new talent. By allowing applicants to play immersive interactive games on its platform, Lensa builds detailed profiles of applicants that can easily be matched to open positions.

2. Founded in 2014, Lensa is a relatively new company. Like many new Silicon Valley technology companies, Lensa has actively been working to introduce additional users to its platform. As part of its efforts to do so, it entered into an agreement with EmberTribe, a social media marketing company that promised to drive additional traffic to Lensa's website in order to help add some new jobseekers to Lensa's existing userbase.

3. EmberTribe, to put it mildly, failed to deliver. Instead of driving legitimate traffic to Lensa's website as required under the parties' agreement, EmberTribe relied upon hundreds of thousands of fake user accounts to inflate its engagement numbers and cover up its failure to provide a legitimate service. As it did so, EmberTribe continued to bill Lensa for its "work." Lensa seeks compensation for the damage caused by EmberTribe's marketing campaign and a declaration that it owes EmberTribe no compensation under the parties' agreement.

## II. PARTIES

4. Plaintiff Lensa, Inc. ("Lensa") is a Delaware corporation with its principal place of business at 541 Jefferson Avenue #100 in Redwood City, California. Lensa has done business in California at all times relevant to this complaint.

5. EmberTribe, LLC ("EmberTribe") is a North Carolina limited liability company with its principal place of business at 526 Willowbrook Drive in Greensboro, NC. EmberTribe has done business in California at all times relevant to this complaint.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under Article XI, § 10 of the California Constitution and § 410.10 of the California Code of Civil Procedure because EmberTribe transacted business and committed the alleged acts in California.

7. Venue is proper because Lensa maintains its principal place of business in Redwood City, San Mateo County. The events giving rise to this action also occurred in whole or in part in San Mateo County.

## GENERAL ALLEGATIONS

8. Lensa is a technology company based in Redwood City. Lensa's innovative online platform uses proprietary machine learning technology and immersive games to better match jobseekers with open positions.

9. EmberTribe is a social media marketing agency. The company purports to provide services that drive additional user traffic to companies' websites and increase user engagement on those websites. To do so, EmberTribe interacts with potential users on social media services like Facebook, LinkedIn, and Twitter.

10. Lensa has a formal Affiliate Program set up to manage its relationships with online marketing companies like EmberTribe. On April 4, 2018, EmberTribe submitted an application to be considered for participation in Lensa's Affiliate Program. Lensa reviewed and approved EmberTribe's application, and the parties began their relationship under the terms and conditions of the program (the "Agreement"; attached as Exhibit 1).

11. The Agreement provides that "[t]he purpose of this affiliate program is for Lensa, Inc[.] to obtain new job seeker registration[s] that are new and unique to our database, and for you, the affiliate to be compensated on a per unique registration basis." (Exhibit 1 § 1.) The Agreement also notes that "[f]raudulent clicks and leads are determined at Lensa's sole discretion." (*Id.* § 3.2.)

12. Regarding termination, the Agreement provides: "Either you [the affiliate] or we [Lensa] may end this Agreement AT ANY TIME, with or without cause, by giving the other party written notice. Written notice can be in the form of mail, email or fax. In addition, this Agreement will terminate immediately upon any breach of this Agreement by you." (*Id.* § 4.)

13. Over the next four months, EmberTribe launched its "campaign" to drive additional users to Lensa's website (the "Campaign"). By any industry metric, this Campaign was a massive failure. Compared to site visitors referred by other affiliates, visitors referred by EmberTribe spent less time on Lensa's website, submitted resumes at a much lower rate, and were substantially less likely to ever visit Lensa's website again.

14. As it reviewed these disastrous statistics, Lensa noticed puzzling inconsistencies. Its subsequent investigation revealed the cause of EmberTribe's failure: the Campaign was largely

1  based on hundreds of thousands of fake user accounts. Realizing this, Lensa conducted a
2  wholesale review of all user accounts attributable to EmberTribe. Of the roughly 247,000 total
3  accounts created by the Campaign, only 7,000 were legitimate resume-submitters. Lensa deleted
4  the remaining 240,000 "users," which left it with less than 3% of all accounts from the Campaign.

5      15.    EmberTribe's behavior has done significant damage to Lensa. Two significant
6  clients have already scaled back their relationships with Lensa as a result of the Campaign, and
7  users have demanded explanations for the erratic behavior on the site. These damages to Lensa's
8  platform and reputation are ongoing and, upon information and belief, may eventually amount to
9  over $800,000 in monetary damages.

10      16.    Despite this damage and the clear language in the Agreement to the contrary,
11  EmberTribe has taken the position that Lensa owes it an outstanding balance of $250,303.75.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

14      17.    Lensa realleges and incorporates by reference all paragraphs above, as though fully
15  set forth in this cause of action.

16      18.    An actual controversy has arisen and now exists between Lensa and EmberTribe
17  regarding their respective rights and duties under the Agreement.

18      19.    Lensa desires a judicial determination of its rights and duties, and a declaration as
19  to the amount owed, if any, under the Agreement.

20      20.    A judicial declaration is necessary and appropriate at this time under all the
21  circumstances so that Lensa may determine its rights and duties under the Agreement.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

24      21.    Lensa realleges and incorporates by reference all paragraphs above, as though fully
25  set forth in this cause of action.

26      22.    Lensa and EmberTribe entered into the Agreement, which is an enforceable
27  contract between the parties.

28      23.    The Agreement required EmberTribe to provide certain services to Lensa

24. EmberTribe failed to provide the services required by the Agreement.

25. To-date, Lensa has suffered damages of at least $89,000. Lensa's damages are ongoing and, upon information and belief, may eventually amount to over $859,000.

26. EmberTribe has breached the Agreement by failing to provide the required services. This breach caused Lensa's harm.

### THIRD CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

27. Lensa realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

28. Lensa and EmberTribe entered into the Agreement, which is an enforceable contract between the parties.

29. The Agreement required EmberTribe to provide certain services to Lensa.

30. EmberTribe failed to provide the services required by the Agreement.

31. EmberTribe unfairly interfered with Lensa' right to receive the benefits of the Agreement.

32. EmberTribe's breaches of the implied covenant of good faith and fair dealing related to the Agreement caused harm to Lensa

### FOURTH CAUSE OF ACTION

**(Violation of California Business and Professions Code § 17200)**

33. Lensa realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

34. EmberTribe has engaged in unfair competition in violation of California Business and Professions Code § 17200. As a result, Lensa has suffered and will continue to suffer damage to its business, reputation, and goodwill.

35. EmberTribe's unlawful practices include, but are not limited to, its breaches of contract, its breaches of the implied covenant of good faith and fair dealing, and its unlawful retention of benefits.

36. EmberTribe's business practices are unfair because they offend established public policy; are immoral, unethical, oppressive, unscrupulous; or are substantially injurious to Lensa. Any justification for EmberTribe's wrongful conduct is outweighed by the gravity of the consequences to Lensa. EmberTribe can provide no adequate justification for its conduct.

37. Lensa seeks equitable and injunctive relief and disgorgement of all ill-gotten gains under California Business and Professions Code § 17203.

## PRAYER FOR RELIEF

Lensa respectfully requests that this Court award and order:

A. A declaration that Lensa owes nothing under the Agreement;

B. General and special damages according to proof;

C. Restitution and disgorgement of monies unjustly retained;

D. Pre- and post-judgment interest as provided by law;

E. An award of reasonable attorney's fees and costs of court; and

F. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Lensa demands a jury trial on all claims.

Dated: November 13, 2018                    CHAN PUNZALAN LLP


_____
Stephen Stanwood

*Counsel for Plaintiff
Lensa, Inc.*

## NOTICE OF CASE MANAGEMENT CONFERENCE

Jensa, Inc.

vs.

Embernbe LLC

**ENDORSED FILED**
**SAN MATEO COUNTY**
NOV 13 2018
Clerk of the Superior Court
By MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK

Case No: **18 CIV 06096**

Date: **MAR 1 4 2019**

Time 9:00 a.m.

Dept. **11** --on Tuesday & Thursday
Dept. _____ --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).
   b) Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c) File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10–days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a) Referring parties to voluntary ADR and setting an ADR completion date;
   b) Dismissing or severing claims or parties;
   c) Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).

# APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET

## SUPERIOR COURT OF CALIFORNIA, SAN MATEO COUNTY

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

### WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes. All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

### WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation. The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

<u>**Arbitration:**</u> An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award. Arbitration awards may be entered as

judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitrations can be binding or non-binding, as agreed by the parties in writing.

**Mediation:** Mediation is a voluntary, informal, confidential process in which the mediator, a neutral third party, facilitates settlement negotiations. The mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

**Neutral Evaluation:** Involves presentations to a neutral third party with subject matter expertise who may render an opinion about the case the strengths and weaknesses of the positions, the potential verdict regarding liability, and a possible range for damages.

**CIVIL ADR PROCEDURES FOR THE SAN MATEO COUNTY SUPERIOR COURT**

- Upon filing a Complaint, the Plaintiff will receive this **information sheet** from the Superior Court Clerk. Plaintiff is expected to include this information sheet when he or she **serves the Complaint** on the Defendant.

- All parties to the dispute may voluntarily agree to take the matter to an ADR process. A stipulation is provided here. Parties chose and contact their own ADR provider. A Panelist List is available online.

- If the parties have not agreed to use an ADR process, an initial Case Management Conference ("CMC") will be scheduled within 120 days of the filing of the Complaint. An **original and copy of the Case Management Conference Statement must be completed and provided to the court clerk no later than 15 days prior to the scheduled conference.** The San Mateo County Superior Court Case Management Judges will strongly encourage all parties and their counsel to consider and utilize ADR procedures and/or to meet with the ADR director and staff where appropriate.

- If the parties voluntarily agree to ADR, the parties will be required to sign and file a **Stipulation and Order to ADR.**

- A timely filing of a stipulation (at least 10 days prior to the CMC) will cause a notice to vacate the CMC. ADR stipulated cases (other than judicial arbitration) will be continued for further ADR/Case Management status review in 90 days. If the case is resolved through ADR, the status review date may be vacated if the court receives a dismissal or judgment. The court may upon review of case information suggest to parties an ADR referral to discuss matters related to case management, discovery and ADR.

- Any ADR Services shall be paid for by the parties pursuant to a separate ADR fee agreement. The ADR Director may screen appropriate cases for financial aid where a party is indigent.

- Local Court Rules require your cooperation in evaluating the ADR Project and will expect a brief evaluation form to be completed and submitted **within 10 days of completion of the process.**

You can find ADR forms on the ADR webpage: www.sanmateocourt.org/adr. For more information contact the Multi-Option ADR Project at **(650) 261-5075 or 261-5076.**

Form ADR-CV-8 "Court ADR Information Sheet ADR-CV-8" [Rev. Feb. 2014]